Filed 2/28/14  In re T.C. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re T.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>T.C.,<br><br>        Defendant and Appellant. | A139440<br><br>(Humboldt County<br>Super. Ct. No. JV110170) |

Defendant T.C. appeals following a contested jurisdictional hearing and dispositional order of the juvenile court, as authorized by Welfare and Institutions Code section 800.  Appellate counsel has reviewed the file in this case and has determined there are no meritorious issues to raise in the appeal.  She has complied with the relevant case authorities.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  The minor was notified of his right to file a supplemental brief, but has not done so.  Upon independent review of the record, we conclude no arguable issues are present for review and affirm the judgment.

**STATEMENT OF THE CASE**

Defendant was alleged to be a ward of the court pursuant to an original Welfare and Institutions Code section 602 petition charging him with a violation of Vehicle Code section 2800.2, subdivision (a) (evading an officer), Penal Code section 148, subdivision

1

(a)(1) (resisting an officer), Vehicle Code section 10851, subdivision (a) (unlawful taking of a motor vehicle), Vehicle Code section 12500, subdivision (a) (unlicensed driving of a motor vehicle), and Penal Code section 488 (petty theft). On November 30, 2011, T.C. entered an admission to an amended count of misdemeanor Vehicle Code section 2800.1, subdivision (a) (evading an officer), Vehicle Code section 10851, subdivision (a), and Penal Code section 488. The remaining allegations and charges were dismissed. The maximum confinement time was set at one year six months. On December 14, 2011, he was placed on probation without wardship, but was subject to several conditions.

A second 602 petition was filed on February 6, 2012, alleging misdemeanor violation of Penal Code section 242 (battery), as well as a violation of probation. T.C. admitted the allegations on that petition on March 8, 2012. Before the disposition of that petition, a new violation of probation was filed on March 12, 2012. Defendant admitted allegations 1 and 4 of the new petition, alleging he tested positive for THC and intoxicants. At the dispositional hearing of April 25, 2012, defendant was declared a ward of the court and remained on probation.

On July 9, 2012, T.C. admitted violating his probation by consuming alcohol and marijuana, as well as testing positive for THC. Wardship was again continued, but defendant was directed to serve 60 days in juvenile hall. He successfully finished the Humboldt County Alcohol and Other Drug Programs, as well as the Functional Family Therapy program. Defendant later tested positive for marijuana and was directed to serve an additional 60 days in juvenile hall.

On March 13, 2013, defendant admitted allegations of a violation of probation alleging he had failed to report to probation as ordered, had tested positive for THC 18 times since September 19, 2012, and had walked away without permission from a juvenile work alternative program. Wardship continued as a disposition.

Another 602 petition was filed on May 20, 2013 alleging a violation of Penal Code section 148, subdivision (a)(1) (resisting arrest), Penal Code section 647, subdivision (f) (public intoxication) and violation of probation. On June 4, 2013, defendant admitted a violation of Penal Code section 647, subdivision (f) and the probation violation. The

2

remaining charge was dismissed. The dispositional hearing was held on July 25, 2013 where the trial court heard from counsel for both sides, the probation officer and defendant's parents. The matter was continued for a judicial determination. On July 31, 2013, the trial court followed the probation recommendation and ordered T.C. removed from his home and placed in a suitable facility.

A timely appeal was filed on August 5, 2013.

## STATEMENT OF FACTS

The Original Incidents

Police were summoned to a Beverage Plus Foods store to handle a juvenile shop lifter. Store surveillance recorded a teenager, defendant, stealing a bottle of Jack Daniels. One week later, the police returned to the store because T.C. had come back to the store. He admitted the prior theft to the police and was released to his parents.

Approximately five and a half months later, T.C. took the keys to his father's car after a family argument. Police were summoned and found T.C., driving the car without a driver's license. He refused to stop the car. Eventually, he did stop, but ran away from the police. Once apprehended, the minor smelled of alcohol and appeared intoxicated.

Probation Violations and Subsequent Offense

Defendant admitted violation of probation several times while on juvenile probation. Most of these incidents involved testing positive for THC or alcohol consumption. He also had arguments with his parents, especially his father. One incident involved shoving his father after the parent found marijuana devices in the home. He was also found operating a bicycle under the influence. The incident with his father was a probation violation, as well as evidence of a battery charge. The bicycle incident triggered a public intoxication charge.

Commitment to the Regional Facility

During the dispositional hearing of July 25, 2013, defendant's parents advised the court of their concerns. The benefits of the commitment to the Wilderness Recovery program were discussed. The parents believed this was a better alternative to the Regional Facility. Defendant's mother believed placement in a locked facility would

3

upset him and aggravate his ADHD symptoms. Defendant's father expressed similar concerns, concluding prior lockdowns had not helped the minor and the Wilderness Recovery program would be more appropriate for him.

The court acknowledged the concerns of the parents. While the Regional Facility was a locked site, it had the advantage of being local. The court viewed the interest of T.C.'s parents as a positive feature and local placement would help work out the problems. When minors are sent out of the county, the family and the court lose control over the matter. The court also indicated the parents needed to increase their involvement to realize any success with T.C.

On July 31, 2013, the court indicated it had struggled over the case considerably. The court believed the Regional Facility was the best alternative because it was local, would provide better access to the parents, and had the necessary programs to reunite the family. The maximum confinement time set in this matter was one year one month and a restitution fine of $25 was ordered.

## DISPOSITION

We have reviewed the record in this matter. It indicates the concerns of the court over the downward path of the minor. The trial court recognized the family dynamics involved and the need for intervention. The placement imposed was designed by the court to allow minor to remain in local custody. Parents would then be able to assist minor in meeting the goals of the program. We find no error in the disposition. The minor was properly represented at all times.

The judgment is affirmed.

_____
Dondero, Acting P.J.

We concur:


_____
Banke, J.


_____
Becton, J.*

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.